MICHAEL CATES,

       Plaintiff,

v.                                  CASE NO:  8:08-cv-792-T-26TBM

CABLE TELEVISION INSTALLATION
SERVICE, INC.,

       Defendant.
_____/

# O R D E R

This cause comes before the Court on Defendant's Motion for Summary

Judgment, Statement of Undisputed Facts and Memorandum of Law, which are

accompanied by supporting exhibits.  (Dkt. 29.)  Plaintiff filed a Response and Statement

of Disputed Facts, which is accompanied by supporting exhibits.  (Dkt 34.)

This is an action to recover unpaid overtime wages, liquidated damages, and

attorneys' fees and costs under the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq.* (the

"FLSA").  Plaintiff Michael Cates ("Cates") worked solely for Defendant Cable

Television Installation Service, Inc. ("CTIS") as a lead cable technician from in or around

January of 2005 to July 24, 2007.  CTIS argues that Cates is not entitled to any overtime

wages because he worked for CTIS as an independent contractor rather than as an

employee.

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986) (citation omitted). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). Having carefully reviewed the parties' submissions, the Court finds that the existence of genuine issues of material fact precludes the entry of final summary judgment in this case.

This case calls for the Court to distinguish between an "employee" and an "independent contractor." <u>See</u> <u>Herman v. Express Sixty-Minutes Delivery Serv., Inc.</u>, 161 F.3d 299, 303 (5th Cir.1998) (citing <u>Donovan v. Tehco, Inc.</u>, 642 F.2d 141, 143 (5th Cir. 1981) (holding that "[t]he focal inquiry in the characterization process is whether or not the individual is, as a matter of economic fact, in business for himself.");[1] <u>Santelices v. Cable Wiring</u>, 147 F. Supp. 2d 1313, 1318 (S.D. Fla.2001) (holding that "the touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency. The courts look at all of the surrounding

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

circumstances of the 'whole activity' to determine whether the putative employee is economically dependent upon the alleged employer").

The "economic reality" or "economic dependence" inquiry involves a number of factors, including the degree of control exercised by the alleged employer; the extent of the relative investments of the worker and the alleged employer; the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; the skill and initiative required in performing the job; and the permanency of the relationship. See Herman, 161 F.3d at 303; Donovan, 642 F.2d at 143; Usery v. Pilgrim Equip. Co., Inc., 527 F.2d 1308, 1312 (5th Cir. 1976). No one isolated factor is determinative; instead, courts look to the "circumstances of the whole activity." Rutherford Food, 331 U.S. 722, 730 (1947); Herman, 161 F.3d at 303. A review of the factors, and the evidence submitted by both parties that is pertinent to each factor, suggests that, notwithstanding the contractual identification of Cates as an independent contractors and CTIS's attempts to structure the relationship accordingly, there is a genuine issue of fact as to whether Cates actually served in an employee relationship with CTIS.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion for Summary Judgment (Dkt. 29) is denied.

**DONE AND ORDERED** at Tampa, Florida, on May 18, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record